KENNETH PARKINSON (6778), for:
**HOWARD, LEWIS & PETERSEN, P.C.**
ATTORNEYS AND COUNSELORS AT LAW
120 East 300 North Street
P.O. Box 1248
Provo, Utah 84603
Telephone: (801) 373-6345
Facsimile: (801) 377-4991
ParkinsonK@ProvoLawyers.com

Our File No. 30906

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KASHIF BHATTI,<br><br>Plaintiff,<br><br>vs.<br><br>PROVIDENT FUNDING ASSOCIATES,<br>L.P., a limited partnership company,<br><br>Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Case No. |

COMES NOW Plaintiff, Kashif Bhatti, by and through counsel, and hereby states his claim for relief and alleges as follows:

1.  This action arises under Title VII (42 U.S.C. § 2000e et seq.) of the Civil Rights Act of 1964 (as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981(a)).

### PARTIES AND JURISDICTION

2.  Plaintiff resides in Salt Lake City, Utah.

3.  He was born in Pakistan and immigrated to the United States.

4.    Defendant Provident Funding Associates, L.P. ("Provident") is a Limited Partnership doing business in the state of Utah.

5.    Defendant employed Plaintiff from April 23, 2007 until May 5, 2008.

6.    Plaintiff's claim is based on the requirements of Title VII of the Civil Rights Act of 1964. This court therefore has jurisdiction over these claims.

## PROCEDURAL PREREQUISITES

7.    Plaintiff timely filed a verified charge of unlawful retaliation against Provident with the Utah Antidiscrimination & Labor Division ("UALD") on August 13, 2008. The UALD referred the claim to the Equal Employment Opportunity Commission ("EEOC"). The charge numbers on this complaint are as follow:  UALD No. A9-0013; EEOC No. 35C-2009-00013.

8.    The EEOC issued a Notice of Right to Sue less than 90 days prior to filing this complaint.

9.    Provident employs 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and is subject to the requirements of Title VII.

## GENERAL FACTUAL ALLEGATIONS

10.    Plaintiff reasserts and incorporates all other allegations of this complaint.

11.    Plaintiff was hired by Provident as a mortgage underwriter on April 23, 2007.

12.    Plaintiff's direct supervisor at Provident was Diane Patterick.

2

13.    At the time of his discharge, Plaintiff was the only person of Pakistani national origin working in the Utah Provident offices.

14.    Two other Pakistani brokers had previously worked with the Utah offices but were terminated by Ms. Patterick prior to Plaintiff's discharge.

15.    During his employment, Plaintiff performed well based on the objective performance measures provided to plaintiff.

16.    Shortly prior to his termination on April 21, 2008, Plaintiff was reprimanded by his direct supervisor, Diane Patterick for continuing to work during a conference call.  It was common practice among the employees in the Salt Lake City office of Provident to continue working during conference calls.

17.    No other employees were reprimanded for working during the conference calls, although several of them had also been working during the calls.

18.    Ms. Patterick often singled out plaintiff for reprimand and was unusually harsh toward him.

19.    On April 28, 2008, Plaintiff sent an email to Craig Pica, the president of Provident, Darrell Daman, Ms. Patterick's boss and Heather Bogle from human resources alleging discriminatory treatment and informing them that he was in the process of filing a complaint with the Utah Anti-Discrimination and Labor Division ("UALD") and the Equal Employment Opportunity Commission ("EEOC") for discriminatory treatment.

3

20.     Following the April 28 email, Plaintiff communicated with Lori Pica, Vice President and Chief Operating Officer and Heather Bogle in an attempt to explain and discuss the basis of the discrimination claim.

21.     On May 1, 2008, Lori Pica and Heather Bogle came to the Utah Office for the stated purpose of training employees, but while in Utah, they investigated the charges.

22.     While here, Pica and Bogle interviewed the employees (after their training presentation) and asked to interview Plaintiff last regarding his complaints.

23.     Plaintiff did not know Pica and Bogle were coming and was not told there was an internal investigation taking place.  Plaintiff was surprised and unprepared to discuss the details because he felt threatened and unsafe, especially because Diane Patterick was also present in the office that day, when he was told she would be out of the office the whole week.

24.     Plaintiff was still gathering and preparing the information for the UALD.

25.     Pica and Bogle requested the interview in an intimidating manner and plaintiff requested to have someone else present for his interview.

26.     Pica and Bogle refused to allow him representation for the interview. Plaintiff informed them he wanted representation before discussing the claims further.

27.     Plaintiff was placed on administrative leave.

28.     Plaintiff was terminated effective May 5, 2008 via a phone call on May 6.

4

29.   The stated basis for the termination was that Plaintiff "filed a false and baseless claim."

## COUNT I:  UNLAWFUL RETALIATION

30.   Plaintiff reasserts and incorporates all other allegations of this complaint.

31.   Plaintiff engaged in conduct protected by Title VII of the Civil Rights Act of 1964 by informing Provident that he was in the process of filing a complaint with the UALD and the EEOC.

32.   Within only a few days of informing Provident of his intent to file the complaint, Plaintiff was discharged from his employment with Provident.

33.   Plaintiff's discharge was directly connected to his declaration of intent to file a complaint of discriminatory treatment.

34.   As a result of Provident's wrongful conduct, by and through its officers, agents, and employees, Plaintiff has suffered damages for which he is entitled to recover.

## COUNT II:  DISPARATE TREATMENT

35.   Plaintiff reasserts and incorporates all other allegations of this complaint.

36.   Plaintiff is a Pakistani male and during his employment with Defendant was a member of a protected class under Title VII against race based discrimination by his employer, Defendant Provident, or its supervisory personnel.

37.    At all relevant times, Plaintiff, adequately and completely performed all of the functions, duties and responsibilities of his employment with Defendant.

38.    Plaintiff was subjected to intentional discrimination because of his race, color, or national origin by the intentional conduct of Patterick and others, including but not limited to:

a.    Singling Mr. Bhati out for criticism and verbal abuse even though he was performing similarly to the other employees.

b.    Making disparaging remarks to Plaintiff about the Pakistani culture and lifestyle emphasizing how poorly men treat women in Pakistan.

c.    Telling stories degrading people who have darker skin insinuating that men with darker skin cannot be trusted.

d.    Ignoring plaintiff's questions and concerns.

39.    Patterick had shown similar discriminatory behavior previously by similarly singling out and verbally abusing two Pakistani brokers and terminating them prior to Plaintiff's termination.

40.    Patterick was a management level employee, whose actions are imputed to Provident.

41.    When Plaintiff complained about the behavior, he was discharged from his employment with Provident at least in part due to his race, color, religion or national origin.

42.    As a result of employer's wrongful conduct, by and through its officers, agents, and employees, Plaintiff has suffered damages for which he is entitled to recover.

6

43.     Provident's conduct, as alleged herein, was willful, malicious, and manifested a knowing and reckless indifference to and disregard of Plaintiff's rights.  In addition, the wrongful acts alleged herein were committed and specifically authorized by managerial officers, agents, and employees of employer.  Accordingly, employer is liable for punitive damages under 42 U.S.C. §§ 1981 and 1981a, as well as compensatory damages for lost wages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

## JURY DEMAND

Plaintiff hereby demands a jury in the above action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.      For general compensatory damages in a reasonable amount, to be determined by the trier of fact.

2.      For special damages as are shown at trial.

3.      For liquidated damages as may be allowed by law.

4.      For punitive damages for outrageous conduct, as may be allowed by law.

5.      For Plaintiff's costs and reasonable attorney fees incurred herein.

6.      For such other and further relief as the Court deems just and proper.

DATED this _12th_ day of December 2011.

                                KENNETH PARKINSON, for:
                                HOWARD, LEWIS & PETERSEN, P.C.
                                Attorneys for Plaintiff